### GEO. JENNINGS V. THE STATE.

#### No. 4422.  Decided January 20, 1909.

**Local Option—Evidence—Other Offenses.**

Upon trial of a violation of the local option law, where defendant had been convicted in another case, of a similar offense from which he had appealed, and which appeal was then pending, it was reversible error to permit the State on cross-examination of defendant to show that he had been convicted in such other case. Distinguishing and qualifying Levine v. State, 35 Texas Crim. Rep., 647; Dickey v. State, 56 S. W. Rep., 627.

Appeal from the County Court of Grayson.    Tried below before the Hon. J. W. Hassell.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail. The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant appeals from a conviction obtained in the County Court of Grayson County on a charge of unlawfully selling intoxicating liquors in violation of the local option law.

Appellant became a witness on the trial in his own behalf, and in the course of his direct examination testified that he had never at any time sold any intoxicating liquor to R. O. Parish or anyone else; whereupon, on cross-examination he was asked by counsel for the State the following question: "Have you not been before convicted of violating the local option law in this very court?" To which question, and the answer sought to be adduced thereby, appellant objected by his counsel for the following reasons: That such question and answer are immaterial and irrelevant, are hearsay and calculated to prejudice the minds of the jury against him; and that the record is the best evidence. And in connection with the objection, the bill recites, that his counsel offered to the court, aside from the jury, the record which shows that if the defendant was ever convicted, the conviction is appealed from and is not final and that defendant, for that reason, has never been convicted. These objections were

by the court overruled, and appellant was forced to testify that he had been convicted by a jury in the county court on a former trial. We think this action of the court was erroneous and on account of the admission of this testimony, the judgment of conviction must be reversed. It should be stated, however, that there is in the decisions of this tribunal some basis and support for the action of the trial court. In the case of Levine v. State, 35 Texas Crim. Rep., 647, a question very similar to the one here presented was before the court. It there appears that the county attorney was permitted to ask Levine: "How many times have you been convicted for violating the liquor and Sunday law?" And in passing upon the admissibility of this testimony the court say: "This, we think, was a legitimate question. Appellant was on trial for violating these laws, and the purpose of the testimony was to discredit the defendant as a witness." In the case of Dickey v. State, 56 S. W. Rep., 627, it was held that it was not error to permit counsel for the State to ask defendant, as a witness in his own behalf, for the purpose of discrediting him, whether he had not kept his place open for business and sold beer on Sundays, prior to the date of the offense charged, though such evidence may be also used to make out the offense against him. This case refers, as authority for the holding, to Levine v. State, supra. It is elementary that, when a defendant takes the stand that he does so with a full knowledge of the law, and is subject to the same character of rigid cross-examination as any other witness. Williams v. State, 38 Texas Crim. Rep., 128. It does not seem to the writer that these opinions are sound, though it is not necessary to in terms so decide. In this case it appears and is shown by the record as a fact that the conviction of the appellant had been appealed from, and that the matter was then pending in this court. It is settled that such appeal suspended the judgment, and that it was in no sense final. Whatever might be the rule, if the judgment of conviction had been final, it would seem necessarily to follow that in case of conviction, where an appeal had been taken, this fact of conviction in another case should not be used against an appellant. If it were not the rule, then, if the State, in any manner had once secured a conviction, right or wrong, whether subject to reversal or not, and whether ultimately reversed or not, until such action had been taken, the illegal conviction could be used before the jury not only for the purpose of discrediting the defendant, but as well as original evidence of his guilt. This is not the law.

For the error pointed out, the judgment of conviction is reversed and the cause is remanded.

*Reversed and remanded.*