### Ernest Cox v. The State.

No. 4355. Decided February 7, 1917.

Rehearing granted March 28, 1917.

1.—Burglary—Indictment—Night-time Burglary—Charge of Court—Force—Breaking.

Where the indictment charged that the defendant did unlawfully by force, threats and fraud burglariously and fraudulently break and enter a house then and there owned and occupied by one D. E. C. without the consent, etc., the same sufficiently charged a night-time burglary, and the court submitting a proper charge applicable to the facts and pleadings in the case requiring that force or

breaking must be proved, etc., there was no reversible error on that ground. Following Carr v. State, 19 Texas Crim. App., 635.

**2.—Same—Evidence—Moral Turpitude—General Reputation—Suspended Sentence.**

Where, upon trial of burglary, defendent filed a plea for a suspended sentence in the event he was found guilty, and his general reputation for good character was thus placed in issue, the State, while authorized to show that the defendant had been charged with perjury, yet when it developed that he had been acquitted, the matter should have stopped there, and defendant's objection to further inquiry should have been sustained, and it was reversible error to permit the State to show that in the same case he had been twice convicted before he was acquitted; and the court's charge did not cure the error. Following Clements v. State, 61 Texas Crim. Rep., 161, and other cases. Prendergast, Judge, dissenting.

Appeal from the District Court of Taylor. Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Cunningham & Sewell,* for appellant.—On question of general reputation: Sutherland v. State, 52 Texas Crim. Rep., 424; Holsey v. State, 24 Texas Crim. App., 35.

On question of defendant being acquitted of perjury: Jennings v. State, 55 Texas Crim. Rep., 147; Goad v. State, 52 id., 444; Ware v. State, 36 id., 597, and cases cited in opinion.

On question of withdrawing illegal testimony: Crowell v. State, 56 Texas Crim. Rep., 480, 120 S. W. Rep., 897, and cases cited in opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary with intent to commit the crime of theft, his punishment being assessed at two years confinement in the penitentiary.

The record is before us without a statement of facts. Bill of exceptions No. 1 is to the effect that Coffman, the alleged owner of the burglarized house, was asked upon cross-examination if the door of the house had not at times been open. He replied in the affirmative, and that he had more than one house or bin which contained wheat. He was then asked how many. The court remarked that he did not see how that could have anything to do with this case, whether the door was open or not, if it was a night-time transaction. Counsel for appellant replied it would not if it was at some unusual place of entrance. The court stated it would not at night-time; there does not have to be any force applied at night. Appellant excepted. The bill further recites that the testimony of this witness shows that his granary had been entered by someone at night and fifteen bushels of wheat taken.

Appellant testified, admitting he took the wheat from the granary, but further stated the door leading into it was open at the time he entered, and neither he nor his codefendant opened the door. The bill recites further after the court ascertained that the indictment did not charge a night-time burglary he permitted the defendant to proceed to question the witness as to whether or not the door was ever left or found open, but he did not retract nor in any way correct his statement and remarks aforesaid made in the presence and hearing of the jury. The court qualifies the bill by stating: "The defendant having admitted that he went into the barn and stole the wheat about midnight, the court was under the impression that the indictment charged a night-time burglary, and when he interrupted counsel, he did so with that impression in mind but following what is detailed in this bill, the court, as shown in the stenographer's notes, asked counsel: Does the indictment charge a night-time burglary? Mr. Cunningham: No, sir. The court: Well, if it does not why proceed, and counsel then went as fully into the matter as he desired, and the court fully submitted the issue of force and breaking in his charge."

If the door was not open and the defendant passed through it and took the wheat out of the house, it would be burglary under this indictment, either day or night. But if the door was open and they entered the house by that means, it would not be burglary. The question of passing through an open door at night came before this court in Hamilton v. State, 11 Texas Crim. App., 116, and it was decided in an opinion by Judge Hurt that this did not constitute burglary. There must be force of some sort in order to constitute burglary. The indictment sufficiently charges a night-time burglary under the authorities. It charges that appellant did unlawfully, by force, threats and fraud, burglariously and fraudulently break and enter a house then and there owned and occupied by one D. E. Coffman, without the consent, etc. In Carr v. State, 19 Texas Crim. App., 635, the question was fully discussed and decided that an indictment containing this character of allegation charges either a night-time or a daytime burglary. We are not discussing the burglary of a private residence at night. The Carr case has been followed by subsequent decisions. The court instructed the jury that in order to constitute a burglarious entry with intent to commit the crime of theft, it must be committed by force or breaking, and before the jury would be warranted in finding a verdict of guilty they must be satisfied from the evidence beyond a reasonable doubt that the entry was made, if it was made, by force and breaking, and with the intent to commit the crime of theft. This was correct. In submitting the case for a finding by the jury the court instructed them that if they believed appellant by force and breaking did enter a house and that the same was then and there occupied by D. E. Coffman, with the intent on the part of appellant to commit the crime of theft, they would be authorized to find him guilty, otherwise they would acquit. In this connection he further instructed the jury as follows:

"I instruct you that the State having failed to charge in the indictment a night-time burglary, before you could find the defendant guilty of burglary as charged in said indictment, you must believe from the evidence that either the defendant or John Reed opened the door leading into said granary, and in this connection I charge you that if said door was already open, and neither said defendant nor said John Reed opened the same, then the said defendant would not be guilty of burglary; or, if you have a reasonable doubt as to such issue, you will acquit the defendant." These charges instructed the jury as to the law of the case, and, as we understand, in accordance with the statute and the decisions.

Another bill recites that the defendant in his testimony admitted taking the personal property shown to have been stolen from the alleged burglarized house, but he testified that the door leading into it was open at the time, and neither he nor his codefendant opened it, thereby raising the issue of whether or not defendant was guilty of burglary or theft. And it is further stated in the bill defendant had filed his application in writing for suspended sentence, and in support of this had testified that he had never been convicted of a felony in this State or any other State; and that while his character witness, Ben Hancock, was on the stand, and after said witness had testified that he knew defendant's general reputation in the community where he lived for truth and veracity and for honesty and fair dealing, and that up to about two years ago, when he was indicted for perjury, it was good, the district attorney then took the witness for cross-examination, when the following occurred: "You know of the defendant having had two trials for perjury? To which question the defendant then and there objected for the reason that the testimony is inadmissible to establish reputation; that it should be confined to his general reputation, and because it is assuming to prove isolated transactions; that it is highly prejudicial, etc. Thereupon the court made the following remarks in the presence and hearing of the jury: "The court holds it admissible upon two points: The weight to be given to the credibility of the witness and as to the general issue of the defendant's character being put in issue under his plea for suspended sentence. Under both of them it is admissible." The witness was permitted to testify that he knew that defendant had been tried twice for perjury. The bill is thus qualified by the court: "The defense proved by several witnesses that they considered defendant's general reputation was good because they had never heard of anything whatever charged against him. In rebuttal to this the court permitted the State to ask these witnesses if they were not present when the defendant was tried for perjury, and at the request of defendant the court charged the jury in his general charge that no defendant could be deemed convicted until his conviction was made final by affirmance from the appellate court." As explained by the court we think there is no reversible error shown. When these witnesses testified they had never heard of anything charged

against appellant, it was permissible to ask them if they did not know the fact and were present when defendant was tried for perjury. This was certainly a charge against him, and the witnesses having testified they had never heard of anything it could be shown they were present when these cases were tried. This was a subject of impeachment, and this testimony became admissible by reason of the peculiar statements of the witnesses. They had testified they had never heard anything charged against appellant, and yet on cross-examination they were shown to have been present when he was on trial for perjury. That certainly was a charge against him, and it was proper to test the memory and attitude of the witnesses by this means. The court in order to avoid any trouble by reason of the statement that appellant had been convicted, instructed the jury that it could not be shown that he had been previously convicted under the facts because the case had not been affirmed by the appellate court. It may be gathered from the bill that appellant's case had been reversed in the appellate court, and the bill shows that he had been finally acquitted.

Another bill recites the fact that appellant had filed a plea for his suspended sentence, and had testified in support of same that he had never been convicted of a felony in this or any other State. The bill further recites that while defendant was upon the stand he was asked upon cross-examination if he was indicted for perjury. He answered, "Yes" but was acquitted. He was then asked if he had not been tried for perjury three times in the same case. Objection was urged that this was prejudicial, and the court overruled it, and defendant answered, "Yes, sir." The defendant excepted to the ruling of the court. Then the following question was propounded by the district attorney: "You were tried three times for perjury on the same charge, and the case was reversed and came back and you were tried again and the last time you were turned loose, but you were convicted by the jury here twice?" Defendant objected for the reason that it necessarily carries the inference to the jury that he had been convicted and that such convictions were not final, and was calculated to prejudice the rights of the defendant before the jury, and that this testimony was prejudicial and not admissible for any purpose. The court says: "I think it is admissible on the grounds, that is with respect to the issue of general reputation that has been put in issue, and the testimony of some of the witnesses in the case; it would become material upon that issue and I will admit it." To the ruling of the court defendant excepted. The court qualifies this bill by stating: "The stenographer's record shows that the court called the stenographer to his desk and dictated the following reasons, not in the hearing of the jury, for admitting the testimony, towit: that he admitted it in rebuttal to defendant's witnesses who had testified that they had never heard his reputation in the three respects inquired about questioned." The court instructed the jury, as before stated, that he would not be a convict unless his judgment had become final. The language of the charge is thus stated:

"I instruct you that the fact that the defendant was convicted of an offense, which conviction was not made final, would, in law, constitute no conviction at all, as no person can be considered to have been convicted of an offense until such conviction becomes final." The last question, as guarded by the court, is not, we think, of sufficient importance to reverse this judgment. The question of the district attorney is to the effect that appellant had been convicted twice and acquitted once in the same case, and further, that the two convictions had been reversed by the appellate court, which was followed by the acquittal. This went before the jury, and to avoid injury the court instructed the jury that those convictions meant no conviction because they had not been made final. We think the matter as presented should not cause a reversal of the judgment. Defendant had filed a plea for suspended sentence, testified fully with reference to these matters, and that he had been tried and acquitted. This charge was evidently intended to withdraw from the consideration of the jury any damage that might be done by the testimony showing that he had been formerly found guilty by a jury. While the charge is general and not specific, there is no objection urged to it.

As the record is presented we are of opinion that these matters do not present reversible error, and the judgment is, therefore, affirmed.

*Affirmed.*

### ON REHEARING.

### March 28, 1917.

DAVIDSON, PRESIDING JUDGE.—In a motion for rehearing appellant urges error in the opinion heretofore affirming the judgment. We deem it unnecessary to restate the question urged in the motion. Appellant's general reputation for character was placed in issue. The State was permitted to show that he had been charged with perjury, and twice convicted in the same case. When appellant, in reply to queries, stated that he had been charged but acquitted of perjury, the matter should have stopped, and appellant's objection to further inquiry should have been sustained. There had been a perjury case against him and this was shown. Then he was asked whether he was acquitted. Upon the affirmative answer the State was permitted to show that in the same case on two trials he had been convicted by the jury. The judgments had been set aside and the jury finally rendered the verdict of acquittal.

We are of opinion that we were in error in sustaining this action of the court. The judgment was affirmed upon the theory that the court's charge instructing the jury that appellant would not be considered a convict until a final disposition of the conviction had occurred against him, and this was a sufficient withdrawal of the testimony from the consideration of the jury, but upon further consideration we have reached the conclusion we were in error. The charge it will be noticed did not withdraw the testimony from the jury, and it was not with-

drawn, but the jury was instructed that the effect of the former conviction did not render him a convict. The testimony that he had been twice convicted remained before the jury. This testimony was not admissible, and was of rather a material and damaging nature. It may be also stated that he had filed a plea for suspended sentence. Even had the court withdrawn from the jury the consideration of the testimony for any purpose, it would not have cured the error. The testimony was not admissible from any viewpoint. Clements v. State, 61 Texas Crim. Rep., 161; Haney v. State, 132 S. W. Rep., 34; Darnell v. State, 58 Texas Crim. Rep., 585, 126 S. W. Rep., 1122; Baldridge v. State, 45 Texas Crim. Rep., 193, 74 S. W. Rep., 916; Crowell v. State, 56 Texas Crim. Rep., 480, 120 S. W. Rep., 897. On the erroneous ruling of the court admitting the testimony, see Jennings v. State, 55 Texas Crim. Rep., 147, and Goad v. State, 52 Texas Crim. Rep., 444. Other cases might be cited, but these are sufficient.

Believing we were in error in affirming the judgment for the reasons above indicated, the motion for rehearing is granted, the judgment of affirmance set aside, and the judgment reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, JUDGE (dissenting).—The first opinion affirming this case was correct. The motion for rehearing should be overruled. This case should be affirmed, not reversed.