## R. F. WARD v. THE STATE.

No. 14199.   Delivered March 25, 1931.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for two years.

Sam C. Mays, a state ranger, testified that he went to appellant's place of business in Coleman and bought from appellant a pint of whisky, paying him therefor three dollars. Testifying in his own behalf, appellant denied that he sold whisky to the witness. Appellant's wife gave testimony tending to corroborate appellant.

Prior to his trial in the present case, appellant had been convicted in

the district court of Coleman County in another case of the offense of selling intoxicating liquor. The case was then on appeal to this court, and judgment of conviction therein had not been made final. Over appellant's proper objection, he was required to testify on cross-examination by the State that he had been convicted in the district court of Coleman County of selling whisky. The court and the district attorney were aware that the judgment of conviction had been appealed from and had not been made final. This testimony was left with the jury until the general charge of the court was delivered, at which time the jury were advised by the court in said charge that the testimony touching the previous conviction could not be considered for any purpose. Appellant's objection to the testimony should have been sustained. We quote the language of Judge Ramsey in Jennings v. State, 55 Texas Crim. Rep., 147, 115 S. W., 587, as follows: "In this case it appears, and is shown by the record as a fact, that the conviction of the appellant had been appealed from, and that the matter was then pending in this court. It is settled that such appeal suspended the judgment, and that it was in no sense final. Whatever might be the rule, if the judgment of conviction had been final, it would seem necessarily to follow that, in case of conviction, where an appeal had been taken, this fact of conviction in another case could not be used against an appellant. If it were not the rule, then if the State in any manner had once secured a conviction, right or wrong, whether subject to reversal or not, and whether ultimately reversed or not, until such action had been taken, the illegal conviction could be used before the jury not only for the purpose of discrediting the defendant, but as well as original evidence of his guilt. This is not the law."

See also Cox v. State, 81 Texas Crim. Rep., 90, 194 S. W., 138. The withdrawal of the testimony did not cure the error. Mr. Branch, in his Annotated Texas Penal Code, Sec. 383, says. "If the illegal testimony admitted over the objection of the defendant was of a material character and was calculated to influence or affect the jury adversely to defendant, the withdrawal of same will not cure the error in admitting it." Many authorities are collated under this proposition. See Williford v. State, 36 Texas Crim. Rep., 414, 37 S. W., 761; Wade v. State, 88 Texas Crim. Rep., 372, 227 S. W., 489. See also Edmondson v. State, 106 Texas Crim. Rep., 321, 292 S. W., 231; Jordan v. State, 111 Texas Crim. Rep., 83, 11 S. W. (2d) 323. It may be added that the penalty assessed against appellant was one year in excess of the minimum.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.