JOHN RINGER AND B. C. RINGER V. THE STATE.

No. 20054. Delivered December 21, 1938.
On Motion to Reinstate Appeal June 7, 1939.

The opinion states the case.

*Frank C. Dickey* and *Paul Petty,* both of Ballinger, for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellants were convicted of a felony in Irion County, and are in this Court on an appeal therefrom.

The appeal bond is defective in that it does not recite that appellants have been convicted of a felony. We have heretofore held in Ex parte Hagler, 28 S. W. (2d) 550: "It is essential, under the statute, that it be stated in the bond that the accused had been convicted of a felony. Articles 817 and 818, C. C. P.; Read v. State, 109 Texas Cr. R. 314, 4 S. W. (2d) 547." Also see Teel v. State, 91 S. W. (2d) 747, and cases there cited.

This appeal will be dismissed, and appellants granted fifteen days from this date in which to file a proper appeal bond.

Appeal dismissed.

### ON MOTION TO REINSTATE APPEAL.

GRAVES, Judge.

This appeal having been heretofore dismissed on account of a defective appeal bond, with fifteen days allowed in order to file a proper bond, such a bond has now been filed, and we will proceed to consider the case upon its merits.

Appellants were convicted of receiving and concealing cer-

tain stolen sheep, and were awarded a penalty of four years each in the state penitentiary.

Appellants' bill of exceptions No. 1 relates to the fact that appellants were indicted for this same offense in Runnels County prior to the finding of this indictment, and while it is true that the court first legally taking jurisdiction of an offense continues to have exclusive jurisdiction thereof, such jurisdiction can be voluntarily surrendered by a dismissal thereof, and such later court can then proceed to try the offender after the prior court has surrendered its jurisdiction. Such seems to be the procedure followed, although complained of in this bill. We see no error therein.

Bill No. 2 reflects no error. It is held in the case of Wilson v. State, 223 S. W. Rep. 217, that where the defense in a criminal accusation is ownership of the stolen property in the accused, it is competent "to prove other thefts, or the possession of other stolen property at or about the time alleged as affecting the intent with which the alleged stolen property was taken." The proof objected to comes within such rule, we think, and the bill is overruled.

Bill of exceptions No. 3 is incomplete, and does not show therein what testimony was given by the witness. We do not know from such bill whether such testimony was objectionable or not. Hence we overrule this bill.

Bill of exceptions No. 4 complains because the witness Abe Mayer was allowed to testify that there were about 600 head of sheep in a certain pasture in Runnels County where Mr. Ault recovered the 43 alleged stolen sheep, the contention of appellants being that the jury might infer from such statement that all 600 of such sheep were stolen sheep. We note that appellant John Ringer testified that there were about one thousand sheep in such pasture, and we see no error in allowing the testimony of Mr. Mayer. To the same general effect is bill No. 5, and our ruling is the same as that in respect to bill No. 4.

Bills of exceptions No. 6, 7, 8, 9, 10, 11 and 12 can be treated together as they all relate to the same alleged basic error. It seems that there was a general round-up of sheep on premises under appellants' control, and many persons recovered sheep that they claimed had been stolen from them, such alleged stolen sheep being in the possession of appellants who claimed they had honestly acquired title thereto by purchase.

The above quoted Wilson case, 223 S. W. Rep. 217, is authority for the proposition that other property in the possession of appellant, which had been stolen at or about the same time, is a circumstance admissible in order to combat the claim of an honest purchase. All the above bills relate to the identification and claim of alleged stolen sheep by parties other than the prosecuting witness in this case, and we think such testimony was admissible.

Bill of exceptions No. 13 relates to the State asking the appellant John Ringer if there were not about twenty-three different men who carried off about 150 head of sheep from his pen, meaning thereby that such number of people claimed such sheep as having been stolen from them. Upon the trial court overruling an objection thereto by appellants' attorneys, he answered: "I think about 200 head of sheep," meaning thereby that there were that many sheep taken away from his pen by alleged owners thereof. We think such is admissible in connection with the testimony complained of in bills Nos. 6, 7, 8, 9, 10, 11 and 12, such referring to the sheep reclaimed by the witnesses mentioned in said bills. To the same effect is bill No. 15, and it is also overruled; also to the same effect is bill No. 16, and we rule the same thereon.

Bill of exceptions No. 18 is fraught with difficulties. The basis of its complaint is that while the appellant John Ringer was on the stand he was asked by the special prosecutor if it was not a fact that he had been convicted of the offense of receiving and concealing stolen sheep in the District Court of Nolan County, Texas, which question the witness answered in the affirmative, over the objection of the appellants' attorneys that such conviction being on appeal to this court, that same was not at such time a final conviction. This objection should have been heeded, and we fear the trial court committed error in failing to sustain the objection. A conviction for an offense, in the event of an appeal, is not final until same has been finally acted upon by the appellate court, and it was well known to the attorney asking this question that this Nolan County conviction was at that time on appeal in this appellate court. We have heretofore held that the asking of such a question under similar circumstances was reversible error. Judge Christian said in the Ward case, 36 S. W. (2d) 1024:

"We quote the language of Judge Ramsey in Jennings v. State, 55 Texas Cr. R. 147, 115 S. W. 587, 588, as follows:

" 'In this case it appears, and is shown by the record as a fact, that the conviction of the appellant had been appealed

from, and that the matter was then pending in this court. It is settled that such appeal suspended the judgment, and that it was in no sense final. Whatever might be the rule, if the judgment of conviction had been final, it would seem necessarily to follow that, in case of conviction, where an appeal had been taken, this fact of conviction in another case should not be used against an appellant. If it were not the rule, then if the State in any manner had once secured a conviction, right or wrong, whether subject to reversal or not, and whether ultimately reversed or not, until such action had been taken, the illegal conviction could be used before the jury, not only for the purpose of discrediting the defendant, but as well as original evidence of his guilt. This is not the law.' See also, Cox v. State, 81 Texas Cr. R. 90, 194 S. W. 138."

Bills Nos. 19, 20, 21 and 22 seem to be practically a repetition of bill No. 18 just above written upon, and are governed by what was said relative to bill No. 18.

Bill No. 23 relates to the trial court's refusal to charge the jury that the Mexican witness Jesus Moreno was an accomplice to the charged offense. It seems that this Mexican was only a sheep herder and had naught to do relative to these sheep except to herd the same after they were brought into the herd that he was shepherding, and we are not impressed with the fact of his accompliceship.

Bill No. 24 seems to be but a repetition of the appellants' objections and exceptions to the court's charge, and also contains the court's full charge. There was no necessity for this voluminous bill; these objections to such charge already appeared in the record, and occupied ten pages thereof, and its second inclusion, together with the charge, consumed sixteen further pages. Suffice it to say the trial court's charge impresses us as having been carefully and painstakingly drawn, and states the law in a concise manner, and does not seem to be subject to the array of objections leveled at the same.

On account of the matter evidenced in bill of exceptions No. 18, showing the convictions in the Nolan County case, this judgment is reversed and the cause remanded.