CLEMENTE GARZA V. STATE.

No. 26,517. October 28, 1953.

*W. E. Hall,* San Angelo, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is assault with intent to murder; the punishment, two years.

The witness Valdez, operator of El Farolito Cafe, testified that on the night in question appellant got up from the counter and walked over to a booth where the injured party was seated; that he saw the appellant "throw his hand out there"; that he and one Chapoy got hold of the appellant; and that Chapoy took a knife out of the appellant's hand. The witness stated that the injured party remained seated throughout the entire transaction, made no effort to strike the appellant, and after the encounter he noticed that the injured party had been cut.

The injured party testified that he took a young woman to

the cafe on the night in question; that they were drinking coffee; that the appellant came up to their table, called the witness a bad name, and cut him through his coat with a knife. The witness denied that he was armed, stated that following the assault he was carried to the hospital and that it required sixteen stitches to sew up his wound.

The woman companion of the injured party gave substantially the same testimony as her companion and stated that the injured party was not armed and did not at any time strike the appellant.

The witness Chapoy testified that he observed appellant standing near the injured party with a knife in his hand; that he assisted the cafe proprietor in disarming the appellant; and that he did not see the injured party standing up at any time.

The witness Del Rio testified for the defense that the appellant had gone to the juke box; that on his return he passed the booth where the injured party was seated; that the injured party cursed appellant, stood up, tried to pull something shiny out of his pocket; whereupon, the appellant cut him with a knife which he had borrowed from the witness a short while before. On cross-examination, Del Rio stated that the injured party had never gotten his hand out of his pocket.

Appellant, testifying in his own behalf, stated that he had had a difficulty with the injured party earlier in the evening, at which time the injured party had exhibited a knife, and that thereafter he borrowed a knife from Del Rio and went to El Farolito. Appellant stated that the injured party cursed him; that he went over to the booth; that the injured party stood up and started to pull a knife out of his pocket; and that he cut him in self-defense. On cross-examination, the appellant admitted that he had the borrowed knife open in his pocket at the time he approached the booth.

The jury resolved the issue of self-defense against the appellant, and we find the evidence sufficient to support its verdict.

Bill of Exception No. 1 relates to appellant's objections to the court's charge of self-defense. He contends that the jury should have been instructed in accordance with the terms of Article 1224, P. C.

Recently, in Curry v. State, 157 Tex. Cr. Rep. 379, 242 S. W.

2d 421, we stated the test that must be applied to determine whether defense against milder attack should be submitted. We do not find the facts of this case to come within the rule. The court's charge amply submitted the right of self-defense under the facts here presented.

Bill of Exception No. 2 complains of the introduction into evidence of the coat worn by the injured party on the night in question. It should be remembered that the appellant's knife was not in evidence. The state offered the coat as evidence of the type of weapon used and the nature of the cutting. The appellant objected on the grounds that the evidence was immaterial, prejudicial, and cumulative. The record does not reflect, nor does the appellant contend, that there was any blood on the coat. As will be noted, there was controversial issue as to whether the injured party was standing or seated at the time he was cut.

In Chapa v. State, 149 Tex. Cr. Rep. 115, 191 S. W. 2d 729, we held the coat of the deceased admissible where there was an issue as to whether the deceased was standing erect at the time he was shot, even though there was other evidence as to the location of the wounds.

Bill of Exception No. 3 complains of the asking of a question on the cross-examination of the appellant. The question, "You are under indictment for a felony here in Tom Green County now, aren't you?" was asked. If the question had contained the word "another," it would clearly have been an effort to prove that which is prohibited by Article 732a, C. C. P.

The appellant objected; the trial court sustained the objection and promptly instructed the jury not to consider the question for any purpose; the question was not answered, and the appellant said no more.

In Wall v. State, 240 S. W. 2d 763, where the district attorney questioned the appellant about prior terms he had served in the penitentiary, we said:

"It was further incumbent upon appellant, if he thought the asking of the questions was such a serious error that an instruction to disregard would be ineffective, to then move the court to declare a mistrial. This he also failed to do.

"Bill of exception No. 21 shows that the trial court did every-

thing he was requested to do by appellant and, therefore, does not reflect error."

Finding no reversible error, the judgment of the trial court is affirmed.