Joe C. SALAZAR, Appellant,

v.

The STATE of Texas, Appellee.

No. 41556.

Court of Criminal Appeals of Texas.

Oct. 30, 1968.

---

Charles W. Fairweather, Amarillo, by court appointment, for appellant.

Gene Compton, Former Dist. Atty., Tom Curtis, Dist. Atty., Michael J. Hinton, Asst. Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for rape; the punishment, fifty years.

Appellant's sole ground of error is that the court erred in failing to grant his motion for a mistrial after he was asked by state's counsel in the jury's presence if he had been convicted of a certain felony offense—which at the time was not a final conviction, being then on appeal to this court.

While testifying on cross-examination, appellant was asked the question and the following transpired:

"Q Mr. Salazar, isn't it a fact that you have been convicted of the offense of *Ex*-convict in possession of firearms?

"Mr. Fairweather: I object to that question—(low tones at court's bench, inaudible to reporter and recording machine.)

"Mr. Slough: I will withdraw the question.

"The Court: The question is withdrawn.

"Mr. Fairweather: I will make my motion for a mistrial.

"The Court: The Court will overrule it."

Appellant insists that in asking the question the state violated Art. 38.29, Vernon's Ann.C.C.P., which provides, in part, as follows:

"The fact that a defendant in a criminal case, or a witness in a criminal case, is or has been, charged by indictment, information or complaint, with the commission of an offense against the criminal laws of this State, of the United States, or any other State shall not be admissible in evidence on the trial of any criminal case for the purpose of impeaching any person as a witness unless on trial under such indictment, information or complaint a final conviction has resulted * * *."

The state concedes that the conviction referred to in the question was not a final conviction on January 8, 1968, the date of appellant's trial,[1] but insists that under the record the mere asking of the question was not obviously harmful to appellant and therefore not reversible error.

While the question should not have been asked by virtue of the provisions of Art. 38.29, supra, under the record we do not perceive reversible error.

The question was withdrawn and not answered—which fact distinguishes this case from Jennings v. State, 115 S.W. 587, Ward v. State, 117 Tex.Cr.R. 333, 36 S.W.2d 1024, and Ringer v. State, 137 Tex.Cr.R. 242, 129 S.W.2d 654, cited by appellant.

Garza v. State, 159 Tex.Cr.R. 105, 261 S.W.2d 575, and Cohron v. State, Tex.Cr. App., 413 S.W.2d 112, also cited by appellant, in which the convictions were affirmed, are not here controlling.

Prior to the asking of the question, appellant had testified, without objection, to three other felony convictions for the offenses of rape, robbery by assault, and assault with intent to rape, for which he had served terms in the penitentiary.

With such admission before the jury, the mere asking of the question obviously could not have been harmful to appellant and does not call for a reversal of the conviction.

It should be observed that under the provisions of Art. 44.23 of our Code of Criminal Procedure, this court is under the duty to determine appeals in criminal actions "with due regard to the rights of parties and proper administration of justice,

---

1. The judgment of conviction was affirmed by this court on January 24, 1968, in Salazar v. State, 423 S.W.2d 297.

and no affirmance or reversal of a case shall be determined on mere technicalities * * *."

A reversal of this conviction for the asking of the question would be on a mere technicality, as upon another trial with the conviction having become final appellant could be asked the same question.

The judgment is affirmed.

ONION, Judge (concurring).

I concur in the result reached. The error here is clearly recognized but held not reversible error. I would go further and limit this holding to the facts here presented.

Otherwise, as appellant's able counsel has pointed out, the legislative intent expressed in Article 38.29, V.A.C.C.P., will be easily thwarted. If a question in violation of such statute is asked and answered without objection, this Court on appeal would hold that no error appears. If such question is asked and the defendant forced to object in presence of the jury, then the prosecutor may withdraw such question citing this case (Salazar v. State) as authority to show the absence of reversible error. Forcing such objection in the jury's presence could only be helpful to the prosecution and harmful to the accused. In fact, such objection may be more harmful to the accused than any answer or explanation extracted from the defendant on the stand. While I cannot imagine a prosecutor deliberately following such procedure unless acting in bad faith, it should be made clear that this case is not authority for him to do so.