NUMBER 13-03-00235-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

 

SAMUEL T. HOUSTON, REBECCA R. JOHNSON,

AND STEVEN E. BURDETTE,                                                        Appellants,

 

                                                             v.

 

MILLENNIUM INSURANCE AGENCY, INC. AND

R. MICHAEL STROMAN,                                                                 Appellees.

 

 

     On appeal from the 127th District Court of Harris County,
Texas.

 

 

                       MEMORANDUM OPINION

 

                  Before Justices Hinojosa, Yañez,
and Garza

                         Memorandum
Opinion by Justice Hinojosa

 








This case stems from a dispute over a
business separation and the possession of certain insurance files.  Samuel T. Houston sued Millennium Insurance
Agency, Inc. (AMillennium@) for unpaid commissions.  Appellees, Millennium and R. Michael Stroman,[1]
then sued Houston, Rebecca R. Johnson, and Steven E. Burdette for conversion,
tortious interference, breach of fiduciary duty, and misappropriation of trade
secrets.  The cases were consolidated and
tried to a jury.  The jury returned
findings (1) that Houston and Burdette were due unpaid compensation, and (2) in
favor of Millennium and Stroman on all other claims.  After the trial court rendered judgment in
accordance with the jury=s findings, this appeal ensued.  Houston challenges the trial court=s judgment in eight issues, and Burdette and
Johnson challenge the judgment in six issues. 
Millennium and Stroman bring one cross-issue.  We reverse and remand for a new trial.  

                                                  A.  Relevant
Background

Appellants, Houston, Burdette, and Johnson,
were all employees of Millennium.  In
July 2002, the business relationship between Houston, Johnson, and Stroman
began to deteriorate.  On Monday, August
26, 2002, Houston learned that Stroman planned to fire him and lock him out of
the office on Thursday, August 29, 2002. 
In response, late on the night of August 27, 2002 and into the early
morning hours of August 28, 2002, Houston, Burdette, and Johnson removed
Houston=s and Burdette=s files from Millennium=s offices. 
Houston, Burdette, and Johnson then resigned from Millennium and began
servicing clients as Sam Houston & Associates.








The parties immediately filed competing
petitions and requests for injunctive relief. 
On September 9, 2002, the trial court, Judge Martha Hill Jamison
presiding, signed a temporary injunction order directing Houston and Burdette
to return the disputed files within twenty-one days.  On October 4, 2002, Millennium filed a motion
to show cause why Houston should not be held in contempt for violating the
September 9 injunction order and asserted that Houston had only returned
incomplete portions of the files.  On
October 18, 2002, the trial court, Judge Sharolyn Wood presiding,[2]
signed a contempt judgment against Houston. 
Houston was fined $500, sentenced to three days in jail, and ordered to
be held by the sheriff until certain documents were produced.  

However, on October 21, 2002, our sister
court, the Fourteenth Court of Appeals, granted Houston=s request for emergency relief and petition
for writ of habeas corpus.  See In
re Houston, 92 S.W.3d 870, 875 (Tex. App.BHouston [14th Dist.] 2002, orig.
proceeding).  On December 16, 2002, the
Fourteenth Court of Appeals issued an opinion finding numerous deficiencies in
the contempt proceedings, including that (1) the original September 9
injunction order was Avague in its description of what documents
[Houston] was required to produce,@ and (2) Aneither the show cause motion nor the
contempt judgment describe[d] the specific documents that [Houston was] alleged
to have failed to return.@  Id.
at 877.  The Fourteenth Court of Appeals
concluded that the record did not contain sufficient proof Houston violated the
injunction and held the contempt judgment signed by Judge Wood to be void.  See id. at 878. 








A trial on the merits, however, was held
before the Fourteenth Court of Appeals issued its opinion, and the trial court
allowed appellees= counsel to ask Houston about the trial
court=s contempt judgment and Houston=s incarceration.  Further, in closing argument, counsel for
appellees stressed Houston=s Awillingness to go to jail@ instead of returning the files as ordered
by the court.

                                                  B.  Admission
of Evidence

In their first issues, appellants contend the trial
court erred by admitting testimony and allowing argument concerning the trial
court=s finding of contempt against Houston and Houston=s subsequent incarceration.  Appellants assert that even if such evidence
was relevant, any probative value was Asubstantially outweighed by the danger of unfair prejudice.@  Tex. R. Evid. 403.

                                                          1.  Standard of Review

We review a trial court's evidentiary
rulings for abuse of discretion.  Owens‑
Corning Fiberglass Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998).  A trial court abuses its discretion when it
acts without regard for any guiding rules or principles.  Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985).  A person
seeking reversal of a judgment based on evidentiary error must show both that
the trial court committed error and that the judgment turns on the particular
evidence admitted or excluded.  City
of Brownsville v. Alvarado, 897 S.W.2d 750, 753-54 (Tex. 1995).  For a judgment to be properly reversed, a
party is not required to prove that Abut for the error a different judgment would
necessarily have been rendered, but only that the error probably resulted in an
improper judgment.@  Id.
at 754; see Tex. R. App. P.
44.1(a).  AWe determine whether the case turns on the
evidence admitted or excluded by reviewing the entire record.@  Alvarado,
897 S.W.2d at 754.

                                                                    2.  Analysis








Evidence is only relevant, and therefore
admissible, if it has a tendency to make the existence of some fact that is of
some consequence to an issue at trial more probable or less probable than it
would be without the evidence.  Tex. R. Evid. 401, 402.  To determine relevancy, we look at the
purpose for offering the evidence; there must be Asome logical connection either directly or
by inference between the fact offered and the fact to be proved.@  Serv.
Lloyds Ins. Co. v. Martin, 855 S.W.2d 816, 822 (Tex. App.BDallas 1993, no writ) (citing Tex. R. Evid. 401; 33 Steven Goode, Olin G. Wellborn III & M.
Michael Sharlot, Guide to the Texas Rules of Evidence; Civil and Criminal ' 401.3, at 63 (Texas Practice 1988)).

Appellees argue that the evidence of Houston=s conviction of and incarceration for
contempt was relevant both to impeach his prior testimony that he had returned
everything that had been taken from Millennium=s offices and because it was probative
regarding Houston=s malicious intent to keep the files long
enough to cause Millennium harm.  

It is important to note that because Houston=s request for relief was still pending
before the Fourteenth Court of Appeals at the time of trial, the contempt
judgment was not final, and therefore was inadmissible against him under the
Texas Rules of Evidence.  See Tex. R. Evid. 609(e) (APendency of an appeal renders evidence of a
conviction inadmissible.@); U.S.A. Precision Machining Co. v.
Marshall, 95 S.W.3d 407, 409-10 (Tex. App.BHouston [1st Dist.] 2002, pet. denied)
(recognizing that for evidence of a conviction to be admissible, the conviction
must be final; a conviction that is pending on appeal, that has been reversed,
or for which a new trial has been granted does not constitute a final
conviction); cf. Ex parte Sanchez, 703 S.W.2d 955, 957 (Tex. 1986)
(recognizing that contempt proceedings are quasi‑criminal in nature and
that the proceedings Ashould conform as nearly as practicable to
those in criminal cases@).








However, appellees assert that none of the
grounds upon which the Fourteenth Court of Appeals found the contempt judgment
to be void have any pertinence to the issues for which they assert the evidence
was relevant at trial.  In furtherance of
this position, appellees argue that although the injunction and motion to show
cause may have been too vague to support enforcement via contempt, nonetheless,
the trial court=s expectations were made clear to Houston
orally during pre-trial hearings, and Houston=s failure to comply with those expectations
is a fact that is probative of his malicious intent and should be admissible
regardless of the ultimate disposition of the judgment.  We disagree. 

To assert that Houston was so determined to
cause Millennium harm that he was willing to disobey the trial court=s orders and go to jail, appellees must
argue that Houston knew what was required of him and consciously chose to act
otherwise.  However, the Fourteenth Court
of Appeals has already determined that the trial court=s injunction order was subject to more than
one interpretation and was not clear regarding what duties and obligations were
required of Houston in order to comply.  See
In re Houston, 92 S.W.3d at 877.  The
Fourteenth Court of Appeals further determined that Anot only did the show cause notice fail to
advise [Houston] of the specific acts of contempt, it also failed to provide
notice that criminal confinement and a criminal penalty would be sought as
punishment.@  Id.
at 877.








Any probative value gleaned by appellees at
the time of trial was eliminated on appeal. 
That a conviction might be declared void on appeal, thereby altering its
legal effect and probative value, is the very reason that rule 609(e) prevents
its admission in the first place.  See
Ringer v. State, 129 S.W.2d 654, 656 (Tex. Crim. App. 1939) (quoting Jennings
v. State, 115 S.W. 587, 588 (Tex. Crim. App. 1909)).  We reject appellees= attempt to parse the contempt proceedings
and circumvent the ultimate disposition of the contempt judgment.  We consider the decision of the Fourteenth
Court of Appeals to be controlling as to the veracity of the pre-trial
proceedings.  See Briscoe v. Goodmark
Corp., 102 S.W.3d 714, 716 (Tex. 2003).[3]  Because we conclude that evidence of the
trial court=s finding of contempt and Houston=s resulting incarceration was not relevant
to any issue in contention at trial, we hold the trial court erred in admitting
such evidence.








After reviewing the entire record, we
conclude that the trial court=s error probably resulted in an improper
judgment.  Evidence creates the risk of
unfair prejudice when it has Aan undue tendency to suggest a decision on
an improper basis, commonly, though not necessarily, an emotional one.@  Mission
Res., Inc. v. Garza Energy Trust, 166 S.W.3d 301, 323 (Tex. App.BCorpus Christi 2005, pet. filed) (citing Weidner
v. Sanchez, 14 S.W.3d 353, 365 (Tex. App.BHouston [14th Dist.] 2000, no pet.)).  Further, it is well settled that in the
context of a jury trial, Athe influence of the trial judge on the jury
is necessarily and properly of great weight, and that his lightest word or
intimation is received with deference, and may prove controlling.@  Blue
v. State, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000) (quoting Starr v.
United States, 153 U.S. 614, 626 (1894)); see also In the Interest of
M.S., 115 S.W.3d 534, 538 (Tex. 2003) (recognizing that comments on the
weight of the evidence can take many forms and that admitted evidence should
not indicate the opinion of the trial judge). 
While the trial judge did not directly comment on the contempt judgment
or Houston=s incarceration,[4]
the evidence presented by appellees, revealing that the trial court had already
chosen to punish Houston for some of the very actions they were being asked to
evaluate, presented the jury with a clear indication of the judge=s opinion. 
Because there is too great a risk that this evidence irreparably
influenced the judgment of the jury, we conclude the trial court=s error probably resulted in an improper
judgment.

Appellants= first issues are sustained.  In light of our disposition of these issues,
it is not necessary to address appellants= remaining issues, nor appellees= cross-issue.  See Tex.
R. App. P. 47.1

The judgment of the trial court is reversed,
and the case is remanded to the trial court for a new trial.

 

FEDERICO G. HINOJOSA

Justice

 

Memorandum
Opinion delivered and filed

this
the 20th day of April, 2006.       

 

 











[1]
R. Michael Stroman is
the president and sole shareholder of Millennium Insurance Agency, Inc.  





[2]
Judge Sharolyn Wood
presided over the trial on the merits. 





[3]
Under the law of the
case doctrine, Aquestions of law decided on
appeal to a court of last resort will govern the case throughout its subsequent
stages.@  Briscoe v. Goodmark Corp., 102 S.W.3d
714, 716 (Tex. 2003).  AApplication of the doctrine
lies within the discretion of the court, depending on the particular
circumstances surrounding that case.@ Id. 

 

 Appellees argue that the law of the case
doctrine is inapplicable here because this appeal is not a Asubsequent trial and appeal
of the same case,@ i.e., Houston=s original petition for
habeas corpus.  While we acknowledge that
this is not a direct appeal of Houston=s habeas corpus action wherein we would be asked to
address the same issues determined in that action, appellees do not attempt to
explain how or why this proceeding is not sufficiently related such that
application of the law of the case doctrine is inappropriate.  Appellees have not cited, nor have we found,
any authority limiting application of the law of the case doctrine to direct
appeals.  It is our opinion that the
present circumstance comports with the purposes of the doctrine to A[narrow] the issues in successive
stages of the litigation [in order to] achieve uniformity of decision as well
as judicial economy and efficiency.@  Id.  





[4]
We do not address the
parties= arguments regarding
whether the evidence admitted was the equivalent of judicial testimony in
violation of Rule 605.  See Tex. R. App. P. 47.1; see also Tex. R. Evid. 605.