**Charles Clifton TOMLINSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 40774.

Court of Criminal Appeals of Texas.

Nov. 22, 1967.

Rehearing Denied Jan. 17, 1968.

Jones, Blakeslee, Minton, Burton & Fitzgerald, by Roy Q. Minton, Austin, for appellant.

Martin D. Eichelberger, Dist. Atty., George H. Allen, Asst. Dist. Atty., Waco, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is passing as true a forged instrument. The punishment is two years.

 It is axiomatic that when extraneous offenses are admitted, the jury must be told that they cannot consider them unless the State proves that the accused committed such collateral crimes. Lankford v. State, 93 Tex.Cr.R. 442, 248 S.W. 389. This being so, no extraneous offense should be offered unless the State is prepared to prove that the accused committed the same.

While testifying in his own behalf, appellant denied that he signed or passed the check set forth in the indictment, which was a cashier's check dated 8/5/66, issued by Bellmead State Bank, Waco, Texas, in the sum of $225, and signed by Joe M. Beal, Cashier. It was endorsed on the back, "John L. Walters" and on the front upper left hand corner appears this notation: "Sl Serv 41–27–38–453."

On cross examination the prosecutor first asked for appellant's selective service card and then said: "Mr. Tomlinson, I'm going to hand you what has been marked State's Exhibit No. 3 and just ask you to look at the front and back of that. Now, if you will, will you take State's Exhibit No. 1 and look at it and take State's Exhibit No. 3 and compare the number on the top of State's Exhibit No. 1 and the selective service number with the numbers on State's Exhibit No. 3 on the back." Appellant admitted that they were the same. This was followed by other questions which clearly pointed out to the jury the exact similarity of the two checks. In fact,

photostatic copies of both checks are before this Court, and they are identical except that State's Exhibit No. 3 was signed J. M. Biel instead of Joe M. Beal, and the selective service number appears on the back of No. 3 and on the front upper left hand corner of No. 1.

The prosecutor then asked, "Mr. Tomlinson, isn't it true that you *passed* this check right here, State Exhibit No. 3 in Dallas, Texas, to Trans-Texas Airways prior to August 10, 1966?" Appellant's objection was overruled, and appellant replied that he had not signed the name John L. Walters to the back of State's Exhibit No. 3, and also denied that he had passed the same.

At the conclusion of the State's case when they had made no effort to prove that appellant had in fact passed State's Exhibit No. 3, the court sustained the appellant's motion to instruct the jury not to consider State's Exhibit No. 3, but declined to grant his motion for mistrial.

We need not pass upon the contention that the court erred in declining to grant the mistrial under the authority of Lucas v. State, Tex.Cr.App., 378 S.W.2d 340, advanced by appellant, or Carmean v. State, 163 Tex.Cr.R. 218, 290 S.W.2d 240, because there is *more*.

At the hearing on appellant's amended motion for new trial it was proven that one Tony Ray Hughes had in October preceding the instant trial in January, been convicted upon his plea of guilty in the Criminal District Court of Dallas County of passing State's Exhibit No. 3.

 While it is true that the State did not know this fact at the time he asked the appellant the question set forth above, such might have been known if inquiry had been made. The prosecutor admitted at the hearing on the motion for new trial that at the time he asked appellant the question he had seen the endorsement on the back of State's Exhibit No. 3, which shows that it was negotiated in Dallas in August 1966, long prior to this trial. He also admits that

he made no inquiry of the officials in Dallas as to any prosecution growing out of the passage of such check. It is inescapable that the jury which convicted this appellant were given enough information to lead them to believe that appellant was the individual who passed State's Exhibit No. 3 in Dallas County.

In view of the fact that the jury in this case at one juncture reported to the court that they were hopelessly deadlocked, and at another juncture asked the court "whose responsibility it is to recommend leniency or a ·suspended sentence", we are not prepared to hold that they were not influenced by the asking of this highly volatile question.

Under the holding of the Supreme Court of the United States in Burgett v. Texas (November 13, 1967), 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, it is clear that reversible error is reflected by this unfortunate sequence of events.

For the foregoing reasons, the judgment is reversed and the cause is remanded.