**Joe GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42905.

Court of Criminal Appeals of Texas.

May 27, 1970.

Kiser & Hook by Dan Hook, Levelland, for appellant.

E. W. Boedeker, Dist. Atty., Levelland, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for murder; the punishment, thirty-five years.

The appellant and David Garcia were jointly tried. This appeal is only that of appellant.

The testimony reveals that as the deceased, Jessie Enriquez, was walking from his automobile toward the front of a cafe he stopped and began talking with the appellant. The cafe was located in an old house. While standing in front of an automobile near the cafe looking at and talking with the appellant, Audon Gomez was behind the appellant, and David Garcia (appellant's brother), Richard Gomez, Delores Quiroz and Felix Luz were standing around close to the appellant and the deceased. After a short time "somebody said something," and the appellant started toward the deceased. After a fight, the deceased fell to the ground and the appellant and the five persons named above began running.

The deceased suffered a cut or stab wound in the right side of the neck with a sharp instrument. He was dead upon arrival at the hospital. It is undisputed that the neck wound was the cause of his death. No sharp instrument was seen in possession of the appellant or the other five persons, and no weapon was found at the scene. No one was seen to strike or cut the deceased according to the testimony. The deceased, the six persons who ran, including the appellant, were the only persons at the immediate scene when the deceased was cut.

■ The appellant's first and second grounds are identical and read:

"The Court erred in allowing into evidence the testimony of the four witnesses for the state, Jessie Alverez, Frank Zapata, Juan Rodriquez, and Hazel Hancock, concerning extraneous crimes *committed by the defendant,* because the same was not material to the case at bar and was an attack on the character of defendant when the same had not been put in issue."

The court at the request of the appellant instructed the jury to limit their consideration of such acts to scheme, design and system, and to not consider them for the purpose of showing his character.

The testimony reveals that the appellant, David Garcia, Richard Gomez, Audon Gomez, Delores Quiroz and Felix Luz were members of a group who called themselves the "nightwalkers"; that they would go around together, and they would never "jump you" unless they were together "because one by themselves, they weren't nobody by theirself" and one could never tell who they were after. When they were around together usually there would be a fight with someone who would always get a whipping; and at these times there were three or more of them together. They would usually attack one person at a time and there would be one of the boys who was mad at the one attacked about something.

Frank Zapata testified that while he was outside of a building in which there was a bingo party, he saw the appellant take out his knife and approach the deceased and heard him tell the deceased that he would kill him. Four of the "nightwalkers" were there then. The appellant concedes in his brief that this testimony was admissible. It was admissible to show the previous relationship between the parties and the intent of the appellant to kill the deceased. Zapata testified to other acts committed by appellant or other "nightwalkers" while one or more of them were present. There was only a general objection to the testimony of Zapata. The admission of the other acts related by Zapata other than appellant's threat to kill the deceased was not error. At another time three of the "nightwalkers" crowded around Jessie Alverez, a cousin of the deceased. The appellant and David Garcia were with the group at the time but did not attack Alverez. Juan Rodriquez testified he knew that David Garcia was a member of the "nightwalkers" and that "they" beat him (Rodriquez) up one time and he never knew the reason for it. This was a joint trial of appellant (Joe Garcia) and his brother David Garcia. If "they" as used in the testimony did not include appellant there was no request to limit its consideration against David.

The appellant did not testify or offer any testimony in his behalf.

The court charged the jury on circumstantial evidence and the law applicable to principals.

The facts and circumstances in evidence pertaining to other acts as shown tend to show system and intent and the appellant's guilt of the crime charged and were admissible in evidence. The first and second grounds of error are overruled.

■ It is contended that the trial court erred in the admission of two photographs of the body of the deceased taken at the funeral home and two of blood at the scene of the crime for the reason that they were inflammatory and not material to the case.

The photographs have been examined and considered in light of the evidence in the case, and it is concluded that no reversible error is shown.

■ The fourth ground of error complains of the court's charge to the jury at the guilt stage for the reasons that it does not clearly submit the law of principals as to the appellant, that it is confusing, and allows the jury to speculate as to its meaning.

The charge as given and the objections thereto have been considered. It does not appear to be subject to said objections. It fairly and adequately applies the law of principals in view of the evidence. The fourth ground of error is overruled.

The judgment is affirmed.

MORRISON, Judge (concurring).

Under the peculiar facts of this case, a conspiracy having been shown, the acts and declarations of appellant's co-conspirators became admissible, and the rule as to extraneous offenses does not apply.