Marvin Edward **LOLMAUGH**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 48602.

Court of Criminal Appeals of Texas.

Oct. 9, 1974.

Rehearing Denied Nov. 6, 1974.

---

**2.** See Reyna v. State, Tex.Cr.App., 508 S.W.2d 632; French v. State, Tex.Cr.App., 484 S.W.2d 716; Hill v. State, 158 Tex.Cr.R. 549, 256 S.W.2d 93.

H. Harris Hampton, Canyon, for appellant.

George E. Dowlen, Dist. Atty., Canyon, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder. The jury assessed punishment at ten years.

The sufficiency of the evidence is not challenged. Appellant, in the controlling issue, contends that the court erred in permitting proof that he shot another man who was his wife's lover. We overrule this contention and affirm.

Julia Lolmaugh, appellant's wife, left him with their children so that she could go to a picture show. She testified that instead of going to the show she went to the Circus Room, a bar in Amarillo, where she visited with her father, Leonard Mullin, the deceased. After her father closed the bar, she left her car at a cafe and the two drove out into the country and had sexual intercourse. When they returned to her car, the appellant met them and shot and killed Mullin.

After the State rested, appellant testified that the first shot was fired while he was holding the gun and Mullin attempted to push it away, and the second shot was fired in self-defense. After the appellant testified and raised his defensive issues, the court admitted into evidence a part of the statement or confession of the appellant which is as follows:

"In August of 1971 I shot a man from Friona who had been her lover for quite some time."

Did this evidence rebut a defensive issue? The issue of self-defense was raised. In Albrecht v. State, Tex.Cr.App., 486 S.W.2d 97, there is an exhaustive discussion concerning the admissibility of extraneous transactions or offenses. Two of the examples given where such evidence is admissible are "(5) To show the accused's motive . . . (6) To rebut a defensive theory raised by the accused." When the appellant made an issue of self-defense, motive became an issue. The proof that he had shot another of his wife's lovers would tend to prove his motive in the present case. This would tend to show his state of mind toward a class, lovers of his wife, and this state of mind or motive was such that he would shoot members of that class. See Dillard v. State, Tex.Cr.App., 477 S.W.2d 547, 551. The statement would also tend to rebut this theory of self-defense. Since he had once shot a man for loving his wife, such evidence would tend to show that he shot this deceased not in self-defense but because he also was a lover of his wife. See the authorities in Albrecht, particularly in footnote 6.

The court did not err in admitting the statement to rebut proof of self-defense.

Alvarez v. State, Tex.Cr.App., 511 S.W.2d 493, cited by the appellant, is not controlling. In that case the accused testified that he carried a gun because he shot a man in Lubbock and he was afraid of his people. That statement was admitted before any testimony by the accused was admitted and it did not tend to rebut a defensive issue.

The contention of appellant that the court erred in not hearing evidence on his motion for new trial on the question of jury misconduct is without merit. The motion did not have an affidavit of a juror attached to it. There is no showing in the motion or otherwise why no affidavit of a juror was secured. See Prince v. State, 158 Tex.Cr.R. 320, 254 S.W.2d 1006, and Fontenot v. State, Tex.Cr.App., 426 S.W.2d 861.

No error being shown, the judgment is affirmed.