**MISSION PETROLEUM CARRIERS, INC.,**
**Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 49186.**

Court of Criminal Appeals of Texas.

Feb. 12, 1975.

Earle Cobb, Jr., San Antonio, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Michael L. Parks, and Frank Perrone, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This appeal is taken from a conviction for the offense of water pollution; the penalty assessed by the jury was a fine of $500. Although a number of grounds of error are advanced we need consider only appellant's ground of error number three which is:

"The Honorable Trial Court erred in allowing the State to admit photographs of the Defendant's previous address of Clinton Drive, more than a month after Defendant had moved from that address, which admission seriously prejudiced the Defendant. The Court then further contributed to the error by refusing to admit photographs offered by Defendant to rebut the photographs previously submitted by the State, then recognizing that it was immaterial but refusing to correct the prior error."

The appellant was prosecuted for the alleged violation of V.T.C.A. Water Code, Section 21.552, which provides:

"(a) No person may discharge, or cause or permit the discharge of, any waste into or adjacent to any water in the state which causes or which will cause water pollution unless the waste is discharged in compliance with a permit or other order issued by the Texas Wa-

ter Quality Board, the Texas Water Development Board, or the Texas Railroad Commission.

"(b) No person to whom the Texas Water Quality Board has issued a permit or other order authorizing the discharge of any waste at a particular location may discharge, or cause or permit the discharge of, the waste in violation of the requirements of the permit or order."

V.T.C.A. Water Code, Section 21.553, provides:

"A person who violates the provisions of Section 21.552 of this chapter is guilty of a misdemeanor and on conviction is punishable by a fine of not less than $10 nor more than $1,000. Each day that a violation occurs constitutes a separate offense."

The appellant was charged by complaint and information as follows:

". . . on or about the 29th day of June A.D., 1972, MISSION PETROLEUM CARRIERS, INCORPORATED did then and there discharge and permit the discharge of an industrial waste into and adjacent to the waters of Buffalo Bayou, thereby causing pollution of the waters of Buffalo Bayou, and the said discharge was not made in compliance with a permit or other order issued by the Texas Water Quality Board or the Texas Water Development Board or the Texas Railroad Commission."

The appellant did not have a permit authorizing the discharge of waste at the site where the discharge of waste was alleged.

On June 29, 1972, Jerry Harris, a Harris County pollution control investigator, was assigned to investigate the appellant, which was engaged in the business of hauling petroleum and petroleum products, and maintains a plant site in Houston. Harris was the State's first witness, and he testified before the jury that after receiving his assignment he first went "to the old plant location." Appellant's counsel objected to the testimony concerning the old plant lo-

cation because it was "immaterial" to this cause. The prosecutor replied, " . . . we are trying to establish the modus operandi of this corporation in the sense that they have a character to . . . a mode of operation such as they pollute wherever they go. We are just trying to establish that mode of operation." The objection was overruled, and the witness was permitted to testify that at the old location he noticed " . . . old truck tires just laying around, one (1) or two (2) fifty-five (55) gallon drums, and also, oil and grease on the property." He also said he had taken photographs of that property. The photographs were marked for identification and admitted over the objection that they were "immaterial, they cover a different situation from which the defendant has not been charged and had no opportunity to prepare a defense because the property belongs to someone else, the pipe and the facilities that are in there was put in by the landowner as people other than the defendant, and the whole thing is immaterial."

One picture, State's Exhibit No. 1, is of an outfall which Harris testified was from the truck washstall at the old plant. The picture shows an area of ground, vegetationless and splotched with various unnatural shades of white, blue, purple, and brown. In the center is a pool of green liquid. The other picture, State's Exhibit No. 2, depicts the condition of the ditch at the old plant just slightly downstream from the outfall. This area is similarly stained and devoid of vegetation. The testimony accompanying these pictures described what the pictures showed. Harris said the pictures were an accurate representation of what he saw that day. It is obvious the State wanted the jury to believe the photographs depicted pollution.

The State in its brief urges that a reversal is not required for several reasons. It is argued that (1) the ground of error in the appellant's brief is multifarious, (2) the objection at the time of trial was general and insufficient, and (3) there is testimony showing the same evidence in the record without objection because the appellant introduced evidence showing substantially the same facts.

We find that (1) there has been a sufficient compliance with Article 40.09, Sec. 9, Vernon's Ann.C.C.P., for us to consider appellant's ground of error number three, (2) the objection made at the time of trial was sufficient, and (3) there was no waiver of these objections by the failure to object to other testimony in the record, and the appellant did not introduce new material but made an effort to explain the testimony introduced by the State. This does not constitute a waiver. See Nicholas v. State, 502 S.W.2d 169 (Tex.Cr. App.1973).

The State urges that the photographs were admissible to show "identity" and "system." If we concede for the purpose of argument that later in the trial evidence became admissible to show "identity" and "scheme" the photographs offered by the State and admitted by the court were not admissible because the record does not show that the appellant caused or was in any way responsible for or connected with the pollution shown by the photographs. It was not shown who may have caused the polluted condition portrayed in the photographs. The appellant did not own or lease the premises shown in the photographs at the time the photographs were made. It had been over six weeks since the appellant had moved from those premises.

An analogy may be helpful. D is being tried for stealing cattle from A. By its first witness the State shows that A's neighbor B had cattle stolen from him six weeks before A's cattle were stolen. Even if later in the trial evidence becomes admissible to show D's "identity" and the "scheme" he employed, the theft of B's cattle would be immaterial unless D could be in some way connected with the theft of B's cattle.

The State relies upon Johnson v. State, 494 S.W.2d 870 (Tex.Cr.App.1973), and

**836**

Garcia v. State, 455 S.W.2d 271 (Tex.Cr. App.1970) as authority for its argument that the photographs were admissible. In Johnson v. State, supra, the defendant was identified as the same man who had robbed the victim on another occasion at the same place. The evidence showing the other offense was held admissible to rebut the defense of alibi and to show identity. In Garcia v. State, supra, it was held that evidence which showed a gang including the defendant systematically attacked other people was admissible as tending to show system, intent, and the defendant's guilt of the crime charged. These authorities are not applicable to the facts in the case at hand.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.