**Marvin Joel FENTIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 49833, 49834.**

Court of Criminal Appeals of Texas.

Oct. 8, 1975.

Rehearing Denied Nov. 5, 1975.

Robert M. Jones, Court-appointed, Lewis R. Sifford, Court-appointed, Melvyn Carson Bruder, Court-appointed, Dallas, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

These are appeals from convictions under Art. 1160a, V.A.P.C., for assault with intent to murder a peace officer. Trial was before a jury and the jury assessed punishment at life imprisonment in each case. Both the offenses and the trials took place before January 1, 1974, the effective date of the new Penal Code.

The evidence showed that Garland police officers Don M. Ashlock and James Bunch were making a routine investigation around the neighborhood of Laredo Lane and Robin Road in Garland around midnight of March 3–4, 1973. Encountering appellant walking on the side of the road, the officers stopped their vehicle. Appellant turned and advanced on the automobile whereupon the officers alighted from their car and ordered appellant to remove his hands from his pockets. He produced a .45 caliber pistol and a shoot-out ensued.[1] Appellant fled on

---

1. Appellant was shot in the chin; Ashlock was wounded in the shin; and Bunch was not injured.

foot but was apprehended a short time later.

At the trial, appellant's main defenses were self-defense and the fact that he could not tell that Ashlock and Bunch were police officers when they got out of their car. He admitted convictions for assault, petty theft and transporting a stolen vehicle across state lines. On cross-examination, the State attempted to introduce an extraneous offense. Outside the presence of the jury, appellant denied having anything to do with the death of a Houston police officer named Spruill on October 26, 1972. Despite counsel's objections, the court ruled that the question could be asked. When the jury had returned, the prosecutor put the following question to appellant:

> "Now, aren't you the same Marvin Joel Fentis who is under indictment in Houston, Texas, for killing a police officer?"

Counsel's objection to the form of this question was sustained and the jury instructed to disregard it. Mistrial was denied. The prosecutor then asked if appellant was the one who had killed a Houston police officer named Spruill on March 26, 1972. Counsel re-urged the objections he had made outside the presence of the jury and they were again overruled. Appellant then answered the question in the negative. No further attempt was made by the State to connect appellant with the commission of this extraneous offense.

In related grounds of error, appellant urges (1) that admission of the extraneous offense was error because it was not admissible on the issue of intent, (2) that admission of the extraneous offense was also error because it was not shown to be connected to appellant, and (3) that the reference to an indictment pending against appellant was prohibited by Art. 38.29, V.A.C. C.P.[2]

■ With regard to the admissibility of the extraneous offense, it is true that a specific intent to kill can be presumed from appellant's use of a deadly weapon, and thus intent to kill was not really in issue. *Rodriguez v. State*, 486 S.W.2d 355, 359 (Tex.Cr.App.1972). However, extraneous offenses are also admissible on the element of scienter, or, in this case, appellant's ability to recognize a policeman in uniform at night, or knowledge that he was such. The extraneous offense would be admissible on the question of appellant's knowledge that the victims were police officers, a specific intent element of Art. 1160a, V.A.P.C. *Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr.App. 1972).

■ It is elementary that an accused's connection with an extraneous offense must be shown with some degree of certainty before evidence of that offense can come in, assuming it is relevant. *Carmean v. State*, 163 Tex.Cr.R. 218, 290 S.W.2d 240 (1956); *Tomlinson v. State*, 422 S.W.2d 474 (Tex.Cr. App.1968); 23 Tex.Jur.2d Evidence, Sec. 195, p. 302. In *Tomlinson*, the jury was finally instructed to disregard the evidence of the extraneous offense because of this infirmity, but reversal was still required. In the case at bar, the jury was not told that it could not consider this extraneous offense, but the judge included in his charge the standard instruction that no extraneous offense could be considered unless the appellant were shown to be sufficiently connected with the commission of the offense. This charge cannot cure the error in this case.

■ The State's response to this ground of error is that appellant's objection at trial[3] was too general to preserve this ques-

**2.** "The fact that a defendant in a criminal case * * * is or has been charged by indictment * * * with the commission of an offense against the criminal laws of this State * * * shall not be admitted in evidence on the trial of any criminal case for the purpose of impeaching any person as a witness unless * * * a final conviction has resulted."

**3.** "We object, Your Honor, on the ground, number one, it's not the proper way to bring

tion for review. In *Mission Petroleum Carriers, Inc. v. State*, 518 S.W.2d 833 (Tex.Cr. App.1975) a much less specific objection was held sufficient to preserve the identical point on appeal. The rule that an accused must be shown to be connected to an alleged extraneous offense is a requirement for properly bringing in such an offense and appellant's objections thereto were sufficient to preserve this question for review.

The harmfulness of this error needs little discussion. Appellant was on trial for assaulting a peace officer with intent to kill. He admitted three relatively minor offenses and then the State suggested that he had murdered a Houston police officer four months before. The error was compounded by the State's suggestion that a grand jury had already indicted appellant for this extraneous offense. The prejudice thus planted in the minds of the jurors can hardly be doubted.

In the event of a retrial of this case, we deem it appropriate to discuss the related matter of the reference to appellant's indictment for the Houston offense.

■ The only item of proof remotely connecting appellant with the murder of the Houston police officer was the prosecutor's inquiry concerning the indictment pending against appellant in that case. The State contends that evidence of a pending indictment is admissible to show bias, prejudice, and motive, citing *Luna v. Beto*, 395 F.2d 35 (5th Cir. 1968), cert. den., 394 U.S. 966, 89 S.Ct. 1310, 22 L.Ed.2d 568, and *Blake v. State*, 365 S.W.2d 795 (Tex.Cr.App.1963). These cases deal with the admissibility of charges pending against prosecution witnesses to show bias or interest and have nothing to do with a defendant who is testifying. Art. 38.29 controls in such situations and explicitly prohibits evidence of pending indictments to be used for impeachment purposes as was done here.

*Ridler v. State*, 375 S.W.2d 447 (Tex.Cr. App.1964).

■ Further with respect to the question concerning the indictment, the State points out that it was never answered and that the jury was instructed to disregard the question. In *Salazar v. State*, 432 S.W.2d 957 (Tex.Cr.App.1968), the error in asking the defendant if he had been convicted of "ex-convict in possession of firearms" was held to be harmless even though the conviction referred to was then on appeal, since the question was withdrawn before the defendant could answer it and since the defendant had previously admitted final convictions for three serious felonies. In the instant case, however, it is clear that the prosecutor was aware that criminal proceedings against appellant in connection with the murder of the Houston police officer had not progressed beyond the indictment stage. The contrast in the seriousness of the crimes admitted by Salazar and appellant in this case and in the seriousness of the crimes offered for impeachment in *Salazar* and this case also provide a distinction between the two cases. The harmfulness of this error in a trial for assault with intent to murder a peace officer is manifest, and cannot be dismissed as it was in *Salazar*.

For the reasons discussed, the judgment is reversed and the cause remanded.

DOUGLAS, Judge (dissenting).

The majority reverses these convictions because of an unanswered question and one answered favorably to appellant.

The State was no doubt asking questions of appellant to ascertain if he were the person with the same name who shot and killed an officer in Houston. The record reflects that the questions were asked in good faith. The State was not able to connect the appellant by his testimony with the shooting. Appellant answered that he was not the person who shot the officer in

in an extraneous offense. Number two, it's irrelevant and highly prejudicial to him and

constitutes an irrelevant offense, unrelated offense."

Houston. If the State could have shown that appellant shot the officer in Houston it would have been admissible under previous decisions of this Court. See *Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr.App.1972).

The intent to defend himself was an issue made by appellant's own testimony. He related that he shot at the men in self-defense not knowing that they were officers. If he, without provocation, shot another officer, proof of such an incident would go to his intent and would be admissible to disprove his theory of self-defense.

In *Albrecht v. State*, supra, this Court noted several instances where extraneous offenses could be admissible. One of the examples given was that they could be introduced to disprove a defensive issue. See *Lolmaugh v. State*, 514 S.W.2d 758 (Tex.Cr.App.1974), where evidence of shooting another person was held admissible to disprove the defensive issue of self-defense.

Also, in the present record there was some evidence that appellant was a black muslim. There was an attempt to show that muslims hated police officers. Evidence of the other shooting, if the State could have developed it, would have been admissible to show bias and hatred toward a class—police officers. See *Dillard v. State*, 477 S.W.2d 547 (Tex.Cr.App.1971).

The question asked about the indictment was unanswered. The judge instructed the jury not to consider it. This Court rarely reverses a case because of unanswered questions. See *Mirowitz v. State*, 449 S.W.2d 475 (Tex.Cr.App.1969), and *Gleffe v. State*, 509 S.W.2d 323 (Tex.Cr.App.1974).

Appellant answered the other question that he was not the person who shot the officer. In the context appellant was not harmed by the questions.

The majority asserts that the court's charge compounded an error. There was no objection to the court's charge. There was evidence before the jury that he had been convicted for other offenses.

No reversible error has been shown. The judgments should be affirmed.