Clarence SINEGAL, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 09 85 163 CR.

Court of Appeals of Texas,
Beaumont.

June 11, 1986.

Rehearing Denied July 3, 1986.

Herbin J. Molbert, Port Arthur, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

PER CURIAM.

Appellant was convicted by a jury of aggravated robbery with two enhancement counts. He was sentenced to a term of life in the Texas Department of Corrections. Appeal has been perfected to this Court.

> "[Ground] of Error No. 1. The Court erred in letting Mary Rowry be stricken for cause by the State without letting Appellant's attorney question her."

The juror unequivocally stated she could not carry out the law, so no error is shown when the trial court granted the State's motion to disqualify the juror. *Bodde v. State*, 568 S.W.2d 344 (Tex.Crim. App.1978), *cert. denied*, 440 U.S. 968, 99 S.Ct. 1520, 59 L.Ed.2d 784 (1979). The reason for Appellant's counsel to approach the bench is not shown in the record, so appeal on this ground is unavailable. *Esquivel v. State*, 595 S.W.2d 516 (Tex.Crim. App.), *cert. denied*, 449 U.S. 986, 101 S.Ct. 408, 66 L.Ed.2d 251 (1980). It is in the sound discretion of the trial court as to the manner of handling voir dire. *Weaver v.*

*State,* 476 S.W.2d 326 (Tex.Crim.App.1972). This ground of error is overruled.

Appellant's [Ground] of Error No. 2 follows:

"The court erred in not letting Appellant's attorney approach the bench in order to challenge for cause Juror No. 1, Michael W. Moore, and on the improper comment by the judge on the right of a defendant in not taking the stand."

■ The trial court did not comment on the right of Appellant to fail to testify. He simply said most jurors have questions why defendants fail to testify. This followed a question by Appellant's counsel about a defendant's right not to testify. The prospective juror replied: "I would wonder why he wouldn't." We hold this is not error. *See Adams v. State,* 577 S.W.2d 717, 724 (Tex.Crim.App.1979), *rev'd on other grounds,* 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980). This ground of error is overruled.

Appellant's third [ground] of error urges that the trial court committed reversible error in not letting defense counsel finish the voir dire examination by placing a 30-minute limit on each party for jury selection. Appellant claims such action by the trial court prevented defense counsel from intelligently using his peremptory challenges, thereby denying defendant his right to effective assistance of counsel.

In 1985, the Texas Court of Criminal Appeals set out a three-part test for determining whether a time limitation on voir dire examination is reasonable and, therefore, not an abuse of the trial court's discretion. *See Ratliff v. State,* 690 S.W.2d 597 (Tex.Crim.App.1985).

In *Ratliff,* the Court held that the defendant who raises such an issue on appeal must show:

1. That defendant did not attempt to prolong voir dire examination. Citing prior cases, the Court explained that inquiry on this part of the test should center on whether defendant has shown that he would have asked no irrelevant or repetitious questions—the cases inti-

mate that such proof would usually be found in a bill of exceptions. Also, defendant must show he did not attempt to prolong the voir dire indefinitely as in *Barrett v. State,* 516 S.W.2d 181 (Tex. Crim.App.1974), *cert. denied,* 420 U.S. 938, 43 L.Ed.2d 414, 95 S.Ct. 1148 (1975), where defense counsel proposed to ask a 26-page list of questions of each juror, many of which were irrelevant to the case at hand.

2. That the questions set out in his bill of exceptions were proper and were not irrelevant, immaterial and unnecessarily repetitious.

3. That defendant was not permitted to examine panel members who actually served on the jury.

In *Ratliff* it was held that a one-hour limitation on defendant's voir dire was an abuse of discretion because the record revealed that defense counsel had met all three parts of the above test. Most importantly, it must be noted that the defendant in *Ratliff* perfected a bill of exceptions which showed what questions he intended to ask and which were necessary so that he could exercise his peremptory challenges and provide adequate representation.

■ In the present case, defense counsel never asked the trial court's permission to make any bill of exceptions, nor is there any such bill in the record. Defense counsel argues in his brief that the trial court always tells him to make his bill at a later time. Presumably, this is counsel's excuse for not even attempting to perfect a bill in the present case. It may be that what defense counsel says is true and, if so, it is most disturbing that the trial court may refuse, in some cases, to allow defense counsel to perfect such a bill while all members of the venire are still in court. However, the record in the present case does not reveal any request to make such a bill at all, much less an attempt to make a bill prior to the release of the members of the venire not chosen for the jury.

Since Appellant has not met the second part of the test in *Ratliff,* his third ground of error is overruled.

Appellant's final [ground] of error follows:

"The court erred in admitting testimony of extraneous evidence testified to by the State's rebuttal witnesses, Mary Harkness and Jerry Lynn Arthur."

There was no objection to the testimony of Arthur. *Crocker v. State,* 573 S.W.2d 190 (Tex.Crim.App.1978). The objection to the testimony of Harkness was that it was "highly prejudicial". This is probably insufficient to support Appellant's ground of error. *See Franklin v. State,* 494 S.W.2d 825 (Tex.Crim.App.1973); *Carrillo v. State,* 591 S.W.2d 876 (Tex.Crim.App.1979). *See also, Fentis v. State,* 528 S.W.2d 590, 592 (Tex.Crim.App.1975). Appellant raised a defense of alibi, which placed identity in issue. *Jones v. State,* 587 S.W.2d 115 (Tex. Crim.App.1979). This ground of error is overruled.

The judgment of the trial court is affirmed.

Affirmed.