NO. 07-00-0415-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 18, 2001

______________________________

IN THE INTEREST OF MICHAEL COLLINS AND ILA DENISE COLLINS,

MINOR CHILDREN

_________________________________

FROM THE 154
TH
 DISTRICT COURT OF LAMB COUNTY;

NO. 14,647; HONORABLE FELIX KLEIN, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant William Collins challenges the termination of his parental rights to his two minor children, Michael and Ila Denise Collins.  In his sole issue, he contends the trial court erred in failing to find that one or more members of the jury panel were biased and in failing to grant a mistrial.  We affirm the judgment of the trial court.

The alleged bias revolves around the possible invocation by appellant of his fifth amendment right not to testify.  Counsel for appellant’s wife, Karen Collins, explained the right against self-incrimination to the venire members and then asked one of the jurors how he would feel “if someone in response to a question or in response to all questions in this case took the Fifth Amendment.”  The juror responded that he “would think they were hiding something.”  Counsel then asked how many jurors agreed with that statement, and at least 24 other jurors responded affirmatively.  Counsel next asked whether those persons “believe that a person who would take the fifth amendment is hiding something and that you would require that person to testify.”  The record indicates that one unidentified juror responded yes and no one else disagreed.  At that point, counsel told those venire members he had been advised by appellant’s counsel that appellant would repeatedly invoke the fifth amendment, and asked: 

Is there anything that I can say or do to those of you who answered yes amoment ago to the question to change your minds about the answer that you gave?  . . . I take it by your silence that all of you have a strong held opinion that anyone including Mr. Collins who repeatedly takes the Fifth Amendment is hiding something that you would require him to testify; is that correct?

Some jurors then proceeded to ask counsel questions about the privilege.

Counsel next posed the situation of a neighbor who pled guilty ten years ago to aggravated sexual assault of a child and inquired of the venire panel whether they would be willing to have that neighbor watch their children.  Some of the jurors responded with answers such as “he wouldn’t be my favorite babysitter,” and “something must be wrong somewhere.”  One prospective juror responded:  “[p]eople in their right minds would not feel really 100 percent comfortable with leaving their kids with somebody who’s had a conviction.  If you’re basing on whether or not we’re selected on the jury based on that you’re never going to find 12 people.”  Another prospective juror replied:  “[n]one of us would leave our kids with a convicted felon.  You might as well dismiss us all and start over if that’s what the basis is.”  A third juror stated:

 “. . . when you told us what you told us that this man was convicted in ‘88, he’s going to plead the Fifth over and over and over.  If you can find any person here that’s going to have a bias get after it.”

After counsel for Child Protective Services complained that the attorney was trying to commit the panel to a specific set of facts, the court took a short recess in chambers presumably to discuss the voir dire examination.  Upon resumption of voir dire, counsel for Karen Collins did not ask additional questions regarding the fifth amendment privilege.  However, the attorney ad litem for the children did present a question on the topic, which was as follows:

If you believe that the Fifth, by claiming the Fifth you will be so predisposed, prejudged, biased, have a strong inclination or tending towards the fact that that person did what they’re pleading the Fifth to that you cannot hear theevidence and listen and obey your oath and make a fair judgment, a legal judgment, based on the evidence; how many of you believe you cannot do that?

There was no response to that question.

Appellant moved for a mistrial on the basis of the answers to the questions of Karen Collins’s attorney as to the fifth amendment and also requested that those who responded that they would believe appellant was hiding something be struck for cause.  Appellant also named an objectionable panelist who remained after the exercise of peremptory strikes due to the trial court’s failure to strike the other jurors for cause.  Since no objection was made to any jurors on the specific basis that they were biased due to appellant’s prior conviction, we will address that issue only as it may relate to appellant’s fifth amendment rights. 

A person is disqualified to serve as a juror if he has a bias or prejudice in favor of or against a party in a case.  Tex. Gov’t Code Ann. § 62.105(4) (Vernon 1998).  Bias, such as to disqualify a juror, means it must appear that the state of mind of the juror leads to the inference that he will not act with impartiality, while prejudice means prejudgment and therefore includes bias.  
Compton v. Henrie, 
364 S.W.2d 179, 182 (Tex. 1963).  If a juror’s bias or prejudice is established as a matter of law, the trial court must disqualify the juror.  If it is not established as a matter of law, the trial court makes a factual determination as to whether the juror should be disqualified.  
Malone v. Foster, 
977 S.W.2d 562, 564 (Tex. 1998).  The trial court’s factual determination must be reviewed in the light most favorable to the trial court’s ruling and should not be disturbed absent an abuse of discretion.  
Gant v. Dumas Glass and Mirror, Inc., 
935 S.W.2d 202, 207 (Tex.App.--Amarillo 1996, no writ); 
Sullemon v. U.S. Fidelity & Guar. Co., 
734 S.W.2d 10, 15 (Tex.App.--Dallas 1987, no writ). 

Neither bias nor prejudice is shown by general questions which are usually insufficient to satisfy the diligence required to probe the mind of a prospective juror with respect to legal disqualification for bias or prejudice.  
Gant, 
935 S.W.2d at 208.  The key response that supports a challenge for cause is that the juror cannot be fair and impartial because his feelings are so strong in favor of or against a party that the verdict will be based on those feelings and not on the evidence.  
Id.
   Furthermore, in a civil proceeding, the fifth amendment does not always forbid adverse inferences from being drawn by a jury when the privilege is invoked.  
See Texas Dept. of Public Safety Officers Assn. v. Denton
, 897 S.W.2d 757, 760 (Tex. 1995); 
Gebhardt v. Gallardo
, 891 S.W.2d 327, 331 (Tex.App.-- San Antonio 1995, no writ).    

 The general questions posed to the venire panel were whether they agreed that someone who invokes his right against self-incrimination has something to hide and should testify and whether counsel could change their minds.  There was also a general question as to whether the jurors would be willing to leave their children alone with a convicted sex offender.  While these questions and the subsequent responses may raise the issue whether the prospective jurors might be biased, they do not conclusively establish that fact because counsel did not follow up more specifically by asking the prospective jurors such questions as whether they could follow the instructions of the court as to the law and the burden of proof or if they had already reached a conclusion as to whether appellant’s rights should be terminated.   Therefore, we cannot find any of the jurors were disqualified as a matter of law. 
See Capello v. State
, 775 S.W.2d 476, 489 (Tex.App.--Austin 1989, pet. ref’d); 
Sinegal v. State
, 712 S.W.2d 605, 606 (Tex.App.--Beaumont 1986, pet. ref’d).  

When asked later by the attorney ad litem whether they could follow their oath as a juror and make a judgment based on the evidence, no juror responded negatively.  In a criminal proceeding, the proper subject of inquiry is whether the venire members would, regardless of their wish for appellant to testify, follow the law and not consider the silence of the accused as evidence against him.  
Adams v. State,
 577 S.W.2d 717, 724 (Tex.Crim.App. 1979), 
rev’d on other grounds, 
448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980); 
Capello
, 775 S.W.2d at 489.  As already stated, the invocation of the privilege against self-incrimination may be considered by a jury in a civil matter.  Even if that were not so, in light of the response to the question by the ad litem attorney about the jurors’ ability to follow their oath and the opportunity of the trial court to observe the demeanor, attitude, facial expressions, and non-verbal responses of the panel, we cannot say that the trial court abused its discretion in failing to disqualify those jurors from the panel.  
See Capello
, 775 S.W.2d at 489.    

 Appellant’s issue is overruled and the judgment of the trial court is affirmed. 

John T. Boyd

 Chief Justice

Do not publish.